### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARYEL P. OLIVER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 07-615-GPM |
| | ) |
| **W. A. SHARROD,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He seeks immediate release from his current incarceration, which was imposed in the Eastern District of Missouri due to revocation of his supervised release in 2006.[1]

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

---

[1] In the alternative, he may be challenging the length of his original supervised release, stemming from his 1996 conviction in the Northern District of Georgia.

      The forms required by this Court and used by Petitioner clearly indicate that this form is **not** to be used if Petitioner claims that his federal sentence itself is unlawful. However, that is exactly what Petitioner is attempting to do here. If Petitioner wishes to attack his federal sentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition.

      Accordingly, and this action is summarily **DISMISSED** without prejudice to Petitioner's filing of a proper challenge in a court of appropriate jurisdiction.

      The Clerk shall **CLOSE THIS CASE**.

      **IT IS SO ORDERED.**

      DATED: 11/07/07

                                          s/ G. Patrick Murphy
                                          G. Patrick Murphy
                                          United States District Judge